UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALFRED MALVEO (#121579)  CIVIL ACTION

VERSUS

JAMES CALDWELL, ET AL.  NO. 12-0669-BAJ

consolidated with:

ALFRED MALVEO (#121579)  CIVIL ACTION

VERSUS

JOHN SMITH, ET AL.  NO. 12-0717-BAJ

RULING

This matter comes before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. There is no need for oral argument or for an evidentiary hearing.

The pro se petitioner, Alfred Malveo, a prisoner confined at the Tensas Parish Detention Center, Waterproof, Louisiana, filed the instant habeas corpus proceeding challenging his conviction and sentence, as enhanced by a multiple offender adjudication, entered in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, on a charge of possession of a controlled dangerous substance with intent to distribute, a violation of La. R.S. 40:967A(1).[1] The petitioner asserts (1) that he was

---

[1] The petitioner states in his federal habeas corpus application that he pleaded guilty to the charges levied against him by the State. It appears clear, however, from a review of the attached decision of the Louisiana appellate court, that the petitioner entered a plea of not guilty to the charged offense and was thereafter tried by a jury and convicted.

provided with ineffective assistance of counsel at trial, (2) that the evidence was insufficient to support the verdict, and (3) that his constitutional rights were violated in connection with the referenced multiple offender adjudication.

Upon a review of the petitioner's application, it appears that he was charged by bill of information with the above-referenced offense and, after a trial by jury, was found guilty. He subsequently filed motions for post-verdict judgment of acquittal and for a new trial, both of which were denied by the state trial judge. Upon being thereafter adjudicated a third felony offender, the petitioner was sentenced to twenty (20) years in confinement at hard labor, without the benefit of probation or suspension of sentence. The petitioner appealed this conviction, asserting only that the evidence was insufficient to support the verdict. On March 23, 2012, the Louisiana Court of Appeal for the First Circuit affirmed the conviction and sentence. State v. Malveo, 2012 WL 997005 (La. App. 1st Cir., March 23, 2012). In the petitioner's subsequent application for supervisory review before the Louisiana Supreme Court, the petitioner submitted his original insufficiency-of-evidence claim and added two additional claims, specifically that he was provided with ineffective assistance of counsel at trial and that his constitutional rights were violated during his multiple offender adjudication. This application was denied by the Louisiana Supreme Court on October 8, 2012. State ex rel. Malveo v. State, 98 So.3d 849 (La. 2012).

The petitioner filed the instant habeas corpus proceeding in this Court on or about October 17, 2012. No evidentiary hearing is required. The petitioner's application is subject to dismissal because he has failed to fully exhaust state court remedies relative to the claims asserted herein.

Under 28 U.S.C. § 2254(b) and (c), a claimant seeking habeas corpus relief in federal court is required to first exhaust his claims by presenting them for review before the courts of the state in which he is confined. As a general rule, federal habeas corpus relief is available on a habeas petition only when ALL of the claims in the petition have been exhausted through the state courts. Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). See also Whitehead v. Johnson, 157 F.3d 384 (5th Cir. 1998) ("A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims"). The exhaustion requirement is satisfied only when a petitioner's claims have been properly presented "in each appropriate state court (including a state supreme court with powers of discretionary review)." Baldwin v. Reese, 541 U.S. 27, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004). Thus, a petitioner may not be seen to have properly exhausted his state court remedies if he has presented his claims only in the state supreme court and has not presented his claims at each level of state review. See Daughty v. Louisiana, 2011 WL 7643844 (E.D. La., Dec. 14, 2011) ("A petitioner does not exhaust state remedies when he fails to present claims to the lower courts before submitting them to the states's highest court, here the Louisiana Supreme Court.")

A district court may notice on its own motion a petitioner's failure to exhaust state court remedies. McGee v. Estelle, 722 F.2d 1206 (5th Cir. 1984) (en banc). Without reaching the merits of the petitioner's claims, it is clear from a review of the petitioner's application and attached exhibits that he has not exhausted state court remedies relative to the two claims which were asserted for the first time before the Louisiana Supreme Court, i.e., that he was provided with ineffective assistance of counsel at trial and that his constitutional rights were violated during his multiple offender adjudication. The petitioner

3

~~admits that he failed to assert these claims in the intermediate appellate court, and he~~ acknowledges that he raised them for the first time in his writ application before the Supreme Court. Accordingly, it is clear that the petitioner has failed to properly exhaust state court remedies relative to these claims, and his application in this Court is subject to dismissal for this reason.

**IT IS ORDERED** that the petitioner's application for a writ of habeas corpus be dismissed, without prejudice to later application upon exhaustion of state court post-conviction remedies.

Baton Rouge, Louisiana, this 3rd day of January, 2013.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**